UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMIA COMPANIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MRI SOFTWARE LLC,<br><br>    Defendant. | Civil Action No. 11-12329 |

## NOTICE OF REMOVAL

Defendant MRI Software LLC ("MRI") hereby removes the above-captioned action, Case No. SUCV2-11-04153, currently pending in the Superior Court in Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and is authorized by 28 U.S.C. §§1441 and 1446.

As grounds for removal, Defendant states as follows:

## BACKGROUND

1.    On or about November 15, 2011, Plaintiff Samia Companies LLC ("Samia") filed a Complaint with the Clerk of the Superior Court for Suffolk County, Massachusetts ("State Court"). In the State Court, this action was assigned Case No. SUCV2011-04153.

2.    The Complaint asserts claims for violation of M.G.L. c. 93A, breach of contract, misrepresentation, and conversion. All claims arise out of the alleged breaches of a contract between MRI and Samia.

## **STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332, 1441, & 1446**

3.      Removal of this case is proper pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), which entitles a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."  This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

4.      <u>Diversity of Citizenship</u>.  Samia is a citizen of Massachusetts; it is a Massachusetts limited liability company with a principal place of business at 60 Leo Birmingham Parkway – 3rd Floor, Brighton, Massachusetts 02135.  *See* Ex. 1 (Compl. ¶ 1). MRI, however, is not citizen of Massachusetts.  *See* 28 U.S.C. § 1332(c) (stating that in determining corporate citizenship for purposes of removal, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  In particular, MRI is an Ohio limited liability company with principal place of business at 20800 Harvard Road, Highland Hills, Cuyahoga County, Ohio 44122.  *See id.* (Compl. ¶ 2).  For these reasons, complete diversity exists between the parties to this action.

5.      <u>Amount in Controversy</u>.  In addition to complete diversity between Samia and MRI, the amount in controversy with respect to Samia's claims, exclusive of interest and costs, exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Although MRI denies that Samia is entitled to recover any amount and specifically denies that Samia is entitled to any relief whatsoever, the Complaint's allegations primarily relate to alleged breaches of a contract between the parties that have cost Samia either $120,000 or $150,000.  Compare Ex. 1 (Compl. Ex. 14 (93A letter

demanding damages of $150,000) *with* Ex. 2 (Civil Action Cover Sheet filed by Samia claiming damages of $120,000).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

6. <u>Removal to Proper Court</u>.  This Court is part of the "district and division" embracing the place where this action was filed, that is, Suffolk County, Massachusetts.  *See* 28 U.S.C. § 1446(a).

7. <u>Removal is Timely</u>.  Defendants are entitled to remove this action from the State Court at any time up to 30 days after formal service of a complaint.  *See* 28 U.S.C. § 1446(b); *Murphy Brothers., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  Upon information and belief, the Summons and Complaint in this action was received via first class mail by MRI on or around November 30, 2011.  Therefore, MRI's removal is timely because it removed this action within 30 days of formal service of the Summons and Complaint as required by 28 U.S.C. § 1446(b).

8. <u>Pleadings and Process</u>.  Attached hereto as Exhibit 1 is a copy of all process, pleadings and orders in the State Court.  *See* 28 U.S.C. § 1446(a).  Pursuant to Local Rule 81.1(a), MRI will file certified or attested copies of all records, proceedings, and docket entries in the State Court within 30 days of the filing of this Notice.  MRI has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

9. <u>Notice</u>.  MRI will promptly serve upon Samia, who upon information and belief is represented by Attorney Robert Finnegan, 60 Leo Birmingham Parkway – 3rd Floor, Brighton, MA 02135, and file with the Clerk of the Superior Court for Suffolk County, Massachusetts, a Notice of Removal.  *See* 28 U.S.C. §§ 1446(a) and (d).  Defendants will also file a Notice of

Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Superior Court for Suffolk County, Massachusetts.

10. <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

11. <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Amended Notice of Removal.  Pursuant to Section 1016 of the Act, this Amended Notice need not be verified.

12. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

> Respectfully submitted,
>
> MRI SOFTWARE LLC
>
> By its attorney,
>
> /s/ Brian M. LaMacchia
> Brian M. LaMacchia (BBO #664369)
> GOODWIN PROCTER LLP
> Exchange Place
> 53 State Street
> Boston, Massachusetts 02109
> Tel.:  617.570.1000
> Fax:  617.523.1231
> blamacchia@goodwinprocter.com

Dated:  December 29, 2011

CERTIFICATE OF SERVICE

    I, Brian M. LaMacchia, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants on December 29, 2011.

                                               /s/ Brian M. LaMacchia